[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on appeal from the Third Division District Court which granted summary judgment in favor of defendant Rocky Hill School (hereinafter "the School"). The plaintiff, Department of Employment Security (hereinafter "DES") now appeals. Jurisdiction is pursuant to R.I. Gen. Laws 1956 (1986 Reenactment) § 28-43-18.
DES brings this instant appeal to recover contributions that it alleges should have been made by the school to the Employment Security Fund. On September 28, 1979, DES granted Nelson Brickerhoff, formerly a teacher employed by the school, unemployment benefits. The School appealed DES's award of benefits to the Department of Employment Security Board of Review (hereinafter "the Board"). On September 22, 1980, the Board ruled that the employee was not eligible to collect unemployment benefits.
The Board in its decision found that although the employee had resigned his position, the evidence showed that the employee's resignation was a forced one and thus was tantamount to a discharge. The Board ruled that the employee was discharged under disqualifying circumstances and was therefore not entitled to unemployment benefits.
Subsequent to the decision of the Board, DES continued to bill the School for reimbursement of benefits that were paid to the employee. From the time of DES's initial award of benefits until the appeal to the Board, the Employee collected One Thousand Six Hundred Forty Dollars ($1,640.00) in benefits. The School contends it presumed DES's bills were in error because the Board's decision ruled that the employee was erroneously granted benefits.
DES brings this action not to appeal the decision of the Board, but rather to be reimbursed for benefits paid to the employee plus interest and penalties. DES's appeal is pursuant to § 28-43-18 which provides in pertinent parts:
 If any employer fails to make any payment of contributions of interest . . . the amount of contributions so due shall be collected by civil action. Civil actions brought under this section . . . shall be heard by the court having jurisdiction thereof at the earliest possible date . . .
On November 26, 1991, this court entered an order mandating that the statement of facts set forth in each party's memorandum comprise the total factual situation involving this case. Accordingly, there are no factual issues in dispute and only a question of law to be determined by this Court. Each of the parties' positions is set forth in his memorandum enabling the Court to issue a decision without the need for submission of any additional evidence.
In the State of Rhode Island there are two methods that an employer may use to pay into the Employment Security Fund. Most employers make contributions to the Employment Security Fund periodically based upon their past unemployment experience ratings. See, R.I. Gen. Laws 1956 (1986 Reenactment) § 28-43-8. These employers are referred to as "contributing" employers.
Nonprofit organizations or governmental agencies, however, may elect pursuant to R.I. Gen. Laws 1956 (1986 Reenactment) §28-43-29 to make reimbursement payment to the Employment Security Fund. Under the reimbursement option, employers enjoy the advantage of not having to make periodic payments. Here employers only have to reimburse the Employment Security Fund for the benefits that were actually paid to former employees. The employers are referred to as "reimbursing" employers. In the case at bar, the School is a nonprofit organization and elected to make reimbursement.
DES claims the School is liable for all reimbursements even if the payments have wrongfully been made. The School, on the other hand, asserts that it is merely obligated to make reimbursement to former employees in amounts equal to benefits paid and which are "attributable to service in the employ" of the School. The School further asserts that because the Board determined that the Employee was discharged under disqualifying circumstances, the benefits paid were not "attributable to services" in the employ of the School.
This Court finds the School's argument persuasive. Pursuant to § 28-43-29 ". . . governmental entities which have elected reimbursement shall be responsible for reimbursing the Employment Security Fund for the full amount of extended benefits paid that are attributable to service in the employ of those entities . . ." [emphasis added]. In the case at bar, the Board ruled the employee was not entitled to unemployment benefits because his employment was terminated due to disqualifying circumstances. Thus, the benefits were erroneously paid to the employee and were not "attributable to service in the employ" of the School. Therefore, DES is not entitled to reimbursement from the School.
Furthermore, there are two accounts used by DES for "contributing" employers. These accounts are referred to as the employee's accounts and the balancing accounts. Credits and charges to the balancing account are found in R.I. Gen. Laws
1956 (1986 Reenactment) § 28-43-2(D) which provides:
 (D) Any benefit payments paid to a claimant and charged to an employer's account after a hearing in which the employer appeared and contested the award which are thereafter finally disallowed on appeal, which such charges to the employer's account shall be cancelled;
Although this Court is mindful the School is a "reimbursing" and not a "contributing" employer the intent of § 28-43-2(D) is clear and through analogy can be applicable to "reimbursing" employers. Section 28-43-2(D) clearly places the risk of erroneous payments with DES. Thus, in light of the general spirit of the Employment Security Act, this Court is satisfied that DES is not entitled to reimbursement.
Finally, DES asserts that the School is estopped from raising any defense because the School failed to appeal DES's request for payment. In doing so DES relies on R.I. Gen. Laws 1956 (1988 Reenactment) § 28-43-30(D) which provides:
 (d) Payment of any bill rendered under subsection (a) above shall be made not later than thirty (30) days after that bill was mailed to the last known address of the nonprofit organization, or governmental entity, or was otherwise delivered to it. The bill rendered to an employer shall constitute the director's determination and shall be binding upon the employer unless an appeal is duly filed in writing to the board of review in accordance with the provisions of § 28-43-14, within fifteen (15) days of the mailing or other delivery thereof.
In the case at bar, the School is not bound by § 28-43-30(D). The first sentence of § 28-43-30(D) states "payment of any bill reimbursed under subsection (A)." Subsection (A) of 28-43-30
applies to reimbursements that are "attributable to service in the employ" of that organization or entity. This Court has already determined that DES is not entitled to reimbursement because the payments made to the employee were not attributable to "service in the employ of" the School. Therefore, since Rocky Hill correctly believed that the benefits were not attributable to "service in the employ of" the School, this Court finds that §28-43-30(D) should not estop the School from raising any defenses.
For the reasons hereinabove set out, this Court upholds the decision of the District Court. Counsel shall prepare the appropriate order for entry.